Cowin, J.
INTRODUCTION
Plaintiff GMI New England brings the present action alleging intentional interference with contractual[2] relations. This matter is before the Court on Anthony Cañero and David Dalzell’s motion for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed material facts as established by the summary judgment record are as follows. Plaintiff GMI New England (GMI) is engaged in representing manufacturers of professional audio equipment for sale to retailers, end users and installers. George Markunas (Markunas) is the president and sole stockholder of GMI. GMI operates under written agreements with its principals and is paid on a fixed commission basis. In the industry, which is very competitive, GMI competes with approximately 10 or 12 other agents for the representation of at least 80 manufacturers.
Defendant New England Technical Associates (NETA) is also engaged in representing manufacturers of professional audio equipment for sale to retailers, end users and installers. GMI and NETA compete for the same customer base: music stores, professional sound dealers and rental companies in the six New England states. Defendants Anthony D. Cañero (Cañero) and David Dalzell (Dalzell) are employed by NETA as agents and manufacturers representatives.
GMI represents manufacturerTelex Communications (Telex) in providing audio products to customer Music People. NETA also sold the products of one of its manufacturers to Music People, whose purchasing agent was John Lamb. In late 1994, Lamb told Cañero that he did not think GMI was doing a good job representing Telex. Cañero, seeing an opportunity to acquire the Telex account for NETA, then solicited Telex on several occasions. He called Thomas Hanson of Telex and attempted to persuade him to utilize NETA to represent Telex’s product line. Hanson stated that Telex had no interest in terminating its contract with GMI and asked Cañero not to contact him again. However, Cañero contacted Telex several more times, without success. Telex continued to employ GMI as its representative.
GMI further represents manufacturer Crown International (Crown) in providing audio products to numerous customers including Pro Sound, SESCO and Boston Light and Sound Company. NETA also sold the products of one of its manufacturers to Pro Sound, whose purchasing agent was Charles Tappa. Cañero attempted to sell Pro Sound Crest amplifiers, a product which competes with Crown amplifiers sold by GMI. Cañero made a presentation in which he showed Tappa the specification sheets for the Crest and Crown amplifiers and stated that in his opinion, the Crest amplifier was a superior product and better bargain.
GMI represents manufacturer Crown in providing audio equipment to customer SESCO, whose purchasing agent was Thomas Bouliane (Bouliane). NETA agent David Dalzell (Dalzell) met with Bouliane in an attempt to persuade SESCO to try Crest audio products. Dalzell told Bouliane that he could meet or beat the price of competing Crown products, but then was unable to do so. Thus, SESCO purchased the Crown products instead.
Finally, GMI represents Crown in providing audio equipment to customer Boston Light and Sound, whose *375 purchasing agent was Zeke Zola. In November, 1994, Cañero contacted Zola and attempted to procure an order for Crest amplifiers. Cañero told Zola that Crown amplifiers were back ordered and not available for shipment. Zola called Crown directly and learned that there were no back orders at that time. Accordingly, Zola did not purchase any Crest products from NETA but rather, placed its usual order with GMI for Crown amplifiers.
Thereafter, on February 22, 1995, GMI filed suit against NETA, Cafiero and Dalzell alleging that they maliciously interfered with GMI’s commercial relations by communicating with GMI customers and preventing them from doing business with GMI. In particular, GMI alleges that Music People’s John Lamb acted in concert with Cañero in attempting to obtain the Telex account so that they could start their own business. GMI further alleges that Cañero and NETA made misrepresentations to customers Pro Sound Service, SESCO, and Boston Light and Sound in order to induce them to order Crest products rather than Crown products.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). A party moving for summary judgment in a case where the opposing pariy will have the burden of proof at trial is entitled to summary judgment if that party demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
In an action for intentional interference with contractual relations, the plaintiff must prove that (1) the plaintiff had a contract with a third party, (2) the defendant knowingly induced the third party to break that contract, (3) the defendant’s interference was improper in either motive or means; and (4) the plaintiff was harmed by the defendant’s actions. United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 812-16 (1990); G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991). With respect to GMI’s relationship with customers Boston Light and Sound and SESCO, Cañero and Dalzell seek summary judgment on the ground that there is no genuine dispute of material fact regarding whether GMI suffered damages because of the defendants’ actions. In his deposition testimony, GMI president and sole stockholder George Markunas (Markunas) admitted that GMI never lost any business from either Boston Light and Sound or SESCO as a result of the defendants’ actions. In its memorandum opposing summary judgment, however, GMI states that it “was damaged by the defendants’ interaction with SESCO and Boston Light and Sound. Testimony from principals of those companies will be introduced at trial in support of the plaintiffs contention." This conclusoiy statement of an expectation of trial evidence is not admissible evidence and does not suffice to defeat the defendants’ motion for summary judgment.
Once the movant has met its burden in moving for summary judgment, the burden shifts to the opposing party to show with admissible evidence the existence of a dispute as to material facts. Madsen v. Erwin, 395 Mass. 715, 719 (1985); Godbout v. Cousens, 396 Mass. 254, 261 (1985). It is well established that a non-moving party such as GMI cannot rest on its pleadings and mere assertions of disputed facts to defeat a motion for summary judgment. Community Nat’l Bank v. Dawes, supra at 554; LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Further, an opposing party cannot defeat a well-pleaded Rule 56 motion solely on the basis of a conclusory assertion that material facts are potentially available at trial. Monseco Leather, Inc. v. GFC Corporation, 1993 Mass.App.Div. 159.
GMI has failed to show by way of affidavits, depositions, interrogatories or other Rule 56 materials that it suffered any damage to its relations with customers Boston Light and Sound and SESCO as a result of the defendants’ alleged wrongdoing. It is of the essence in an action for wrongful interference with contract that the plaintiff suffer damages as a consequence of the defendants’ conduct. Said damages cannotbe speculative or conjectural losses. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., supra at 276; Chemawa Country Golf, Inc. v. Wnuk, 9 Mass.App.Ct. 506, 510 (1980). See Chemawa Country Golf, Inc. v. Wnuk, supra at 511 (entering judgment notwithstanding the verdict for the defendant where the plaintiff failed to present any evidence showing that a loss of country club members or green fees was due to the defendant’s conduct). This Court concludes that with respect to customers Boston Light and Sound and SESCO, Cañero and Dalzell have met their burden of demonstrating that GMI has no reasonable expectation of proving damages at trial. Accordingly, the defendants are entitled to summary judgment insofar as GMI’s complaint alleges contractual interference involving Boston Light and Sound and SESCO.
Further, with respect to the allegations involving manufacturer Telex and customer Pro Sound, Cañero and Dalzell seek summary judgment on the ground that GMI has no reasonable expectation of proving that they acted with an improper motive or employed improper means. The motivation of personal gain, including financial gain for oneself or one’s customers, is not an improper motive for purposes of contractual interference. United Truck Leasing Corp. v. Geltman, supra at 817; King v. Driscoll, 418 Mass. 576, 587 (1994). Thus, a competitor may interfere with another’s contractual expectancy by promoting its own deal provided that in advancing his interests he refrains from employing wrongful means. Doliner v. Brown, 21 Mass.App.Ct. 692, 695 (1986); *376 Dowd v. Iantosca, 27 Mass.App.Ct. 325, 333 (1989). Nonetheless, GMI contends that the defendants employed improper means in their attempts to solicit business and obtain a financial benefit.
With respect to the Telex account, GMI alleges that Cafiero wrongfully interfered with its contract with Telex by repeatedly contacting Telex and urging it to terminate GMI as its sales representative and employ NETA. In his deposition testimony, Markunas conceded that Cafiero had a right to attempt to solicit the Telex account, but contended that it was improper for him to repeatedly do so after Hanson indicated that Telex had no intention of changing representatives and asked Cafiero not to call again. In an affidavit filed in opposition to the present motion, Markunas states that the custom in the audio equipment industry is that when knowledge of the dismissal of a prior representative is obtained through virtually any source, it is acceptable for a representative to then contact that manufacturer with respect to representing that line, but that under no circumstances should a representative approach a manufacturer who is already represented. However, Cafiero states in his affidavit that it is usual and customary in the industry to solicit prospective principals when one hears via the “grapevine” that a manufacturer is unhappy or is considering terminating its present representative.
While there appears to be a genuine factual dispute as to the custom in the audio equipment industry concerning when a representative should approach a manufacturer, I conclude that this dispute is not material for the purpose of the present motion. With respect to a claim of intentional interference with contract, persuasion, even if aggressive, is not an improper means. Dowd v. Iantosca, supra at 333. Improper means includes the violation of a statute or common law, factual misrepresentations[3] or defamation, the use of threats or economic coercion, antitrust violations, espionage, or other predatory means. United Truck Leasing Corp. v. Geltman, supra at 817; Dowd v. Iantosca, supra at 333; W. Oliver Tripp Co. v. American Hoechst, 34 Mass.App.Ct. 744, 752 (1993). Even if GMI could demonstrate at trial that Cafiero had violated the industry custom with respect to soliciting an account, this alone would not be sufficient to establish improper means under the existing case law. Thus, because GMI has no reasonable expectation of proving the essential element of improper means or motive, the defendants are entitled to summary judgment insofar as the complaint alleges interference with GMI’s contractual relations with Telex.
Finally, GMI alleges that Cafiero used improper means in making a presentation to Pro Sound purchasing agent Charles Tappa in which he showed Tappa specification sheets for Crest and Crown amplifiers as well as a price comparison, and stated that in his opinion, the Crest amplifier was a superior product and better bargain. As previously discussed, in the context of a claim of intentional interference with contract, fraud, factual misrepresentations or defamation constitute improper means. United Truck Leasing Corp. v. Geltman, supra at 817. However, in his deposition testimony, Markunas conceded that the price lists of different manufacturers are not confidential, and that it is the practice in the industry for representatives to obtain competitor’s price lists. Moreover, he admitted that the prices and specifications used in Cafiero’s presentation were accurate.
In its opposition to the present summary judgment motion, nevertheless, GMI states that “[a]s to the Pro Sound allegations, the principle [sic] will testify at trial that the defendant submitted factually inaccurate technical specifications and inaccurate pricing information to try to steal business that would have gone to the plaintiff.” As discussed, supra, a conclusory assertion that testimony as to an essential element of the plaintiffs case will be forthcoming at trial is insufficient to defeat a motion for summary judgment. Rather, GMI was obligated to produce in response to the defendants’ motion actual evidence showing a genuine issue of material fact by way of appropriate Rule 56 materials.
GMI also alleges that Cafiero’s presentation was misleading despite the accuracy of the figures used because the Crest and Crown products are dissimilar in price, features and function. GMI contends that the Crest product used was the economy product while the Crown product used was the most expensive product Crown manufactures, so that Cafiero was improperly comparing a “Ford” to a “Cadillac.” Cafiero states in his affidavit, however, that he merely offered Tappa accurate price and specification information and stated his opinion that one product was better than the other, an acceptable sales tactic in the industry. A competitor may attempt to persuade a third party to stop purchasing the plaintiffs products and use the competitor’s product instead by disparaging the plaintiffs product in comparison to its own. This is mere puffery that does not constitute improper means in the absence of fraudulent misrepresentation. W. Oliver Tripp Co. v. American Hoechst, supra at 752. GMI has failed to produce any countervailing evidence that Cafiero’s comparison was in fact misleading to Tappa. Accordingly, because GMI has no reasonable expectation of proving improper means at trial, the defendants are entitled to summary judgment with respect to GMI’s claim of contractual interference with Pro Sound.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants Anthony Cafiero and David Dalzell’s motion for summary judgment is ALLOWED.

 In its complaint, GMI New England refers to interference with “commercial" relations.

 The only factual misrepresentation alleged by GMI concerns Cafiero’s statement to customer Boston Light and Sound as to whether certain products were on back order. However, GMI concedes that it never suffered any damages as a result of this alleged misrepresentation. See the discussion supra.